| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |

ADRIAN CARABELLO, §
§
      Petitioner, §
§
versus §    Civil Action H-10-1700
§
UNITED STATES OF AMERICA, §
§
      Respondent. §
§

## Opinion on Remand

    This Court convicted Adrian Carabello in H-04-CR-276 and H-08-CR-14 under plea bargain agreements. Carabello moved to vacate his convictions under 28 U.S.C. § 2255. This Court denied the motions to vacate. Carabello appealed. The Court of Appeals remanded to this Court to enter reasons for its denial of Carabello's motions to vacate.

    Carabello pleaded guilty and waived his right to appeal his convictions in his plea bargain agreements in both convictions. Carabello waived a collateral attack in his conviction in H-04-276 in his plea agreement. Carabello raises ineffective assistance of counsel claims in his motions to vacate.

    Under ground one, Carabello claims counsel was ineffective for failure to advise him how he should proceed with his *pro se* appeal due to counsel's withdrawal from the case. Counsel did not file a motion to proceed as a pauper on behalf of Carabello. He argues counsel simply abandoned him.

    Carabello is capable of proceeding *pro se* on appeal. His papers in his motion to vacate show he is capable of filing an appeal, seeking to proceed as a pauper, and

requesting appointment of appellate counsel. His papers also show he is capable of prosecuting an appeal without a lawyer. Carabello has not shown prejudice based on counsel's failure to appeal. Carabello has not shown any basis to overturn his conviction on appeal. Carabello has not shown that had counsel consulted with him, that he would have appealed or that a favorable outcome would have resulted on appeal.

Under ground two, Carabello claims his attorney failed to object to the managerial role enhancement in the PSI. The PSI in both cases supports a showing that Carabello had a managerial role. Carabello does not raise a specific basis on which counsel could have objected to the managerial role reflected in the PSI which would have achieved a different outcome in the convictions.

In ground three, Carabello contends counsel failed to argue at sentencing the Government breached the plea agreement when the Government agreed with the role in the offense enhancement of three points, while no role in the offense was pleaded by Carabello. He does not sufficiently show how the government broke the plea agreement such that counsel's failure affected the ultimate outcome.

Finally, counsel failed to object to the PSI representation of a prior offense without obtaining the court's record which would have properly disclosed the facts of prior offense under *Shepard v. U.S.*, 544 U.S. 13. There is no showing that the records in the prior offense would have shown facts sufficiently different to affect the punishment in violation of *Shepard*.

Carabello does not show ineffective assistance of counsel because he does not show how any of counsel's claimed deficiencies prejudiced his defense in district court or on appeal. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). He does not show that any of "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*, at 691. Carabello fails to show that because of his attorney's claimed errors, there is a reasonable probability that the result in the convictions would have been different and that counsel's deficient

performance rendered the proceedings unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 369-70 (1993).

Signed July 9, 2012, at Houston, Texas.

Lynn N. Hughes
United States District Judge